FILED ORIGINAL
IN CLERK'S OFFICE
BY: DLF
OCT 2 4 2005 ★ C/M
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FRITZ C. HECTOR,

        Plaintiff,

  -against-

STATE AMBULETTE SERVICE, INC. and
BASIL MOHUN,

        Defendants.

----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-03-5518(FB)(LB)

*Appearances:*
*For the Plaintiff:*
FRITZ C. HECTOR, *pro se*
1021 Nostrand Avenue, # 59
Brooklyn, NY 11225

**BLOCK, District Judge:**

    *Pro se* plaintiff Fritz C. Hector ("Hector") filed a complaint against his employer, State Ambulette Service Inc. ("State Ambulette"), and his supervisor, Basil Mohun ("Mohun") (collectively, "defendants"), alleging that State Ambulette and Mohun discriminated against him on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Following defendants' failure to answer or otherwise respond to the complaint, the Court referred the matter to Magistrate Judge Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) to determine whether default judgment should be entered against defendants, and if so, to

1

conduct an inquest on damages. On August 19, 2005, Magistrate Judge Bloom issued an R&R recommending (1) entry of default judgment against State Ambulette in the amount of $4,870.75, and (2) dismissal of the complaint against Mohun. Hector filed timely objections to the R&R; therefore, the Court reviews *de novo* those portions of the R&R as to which objections were made. *See* 28 U.S.C. § 636(b)(1); *United States v. Tortora*, 30 F.3d 334 (2d Cir. 1994).

Hector objects both to Magistrate Judge Bloom's recommendation that his claims against Mohun be dismissed and to the amount of damages assessed against State Ambulette. Because individual defendants may not be held liable under Title VII, dismissal of the complaint against Mohun was proper. *See Tomka v. Seiler*, 66 F.3d 1295, 1314 (2d Cir. 1995), *abrogated on other grounds by Burlington Industries Inc. v. Ellerth*, 524 U.S. 742, 754 (1998). Upon review, the Court also concludes that Judge Bloom's calculation of damages resulting from State Ambulette's unlawful discrimination is correct.

The Court adopts Magistrate Judge Bloom's R&R and grants default judgment against State Ambulette in the amount of $4,870.75; the complaint against Mohun is dismissed.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
October 21, 2005